IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CLIFF TRACY, | Case No. 1:16-cv-00623-CL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, NATIONAL MARINES FISHERIES SERVICE, and ENDANGERED SPECIES ACT, | |
| Defendants. | |

CLARKE, Magistrate Judge

/ / /

/ / /

Plaintiff Cliff Tracy alleges defendants United States of America, National Marines Fisheries Service ("NMFS"), and the Endangered Species Act ("ESA")[1] violated the ESA. Defendants have moved to dismiss plaintiff's complaint (#10). For the reasons below, defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff sought permission to mine gold on land administered by the Bureau of Land Management ("BLM"). Due to the potential threat plaintiff's proposed mining operation posed, BLM formally consulted with NMFS pursuant to Section 7(a)(2) of the ESA. NMFS's biological opinion determined that plaintiff's proposed mining operation would adversely affect the endangered Southern Oregon/Northern California Coast Coho Salmon. NMFS, however, proposed an alternative that would have avoided the environmental impacts while still allowing plaintiff to engaging in mining operations.

Nonetheless, in 2014, plaintiff filed a complaint in this Court challenging the biological opinion. *See Tracy v. United States*, No. 1:14-cv-1814 (D. Or. Jan. 12, 2015) [ECF No. 7.] (hereinafter "*Tracy I*"). There, as here, plaintiff challenged the biological opinion's compliance with the ESA. After filing his complaint in *Tracy I*, plaintiff sought to proceed *in forma pauperis* ("IFP"). In screening plaintiff's complaint prior to granting plaintiff's IFP request, this Court determined that it "c[ould] not discern what factual and legal claims [we]re being alleged against each of the named defendants." *Id.* at 3. Consequently, it dismissed plaintiff's complaint and denied plaintiff's IFP request. Because it was unclear whether the deficiencies could be cured by amendment, however, the Court dismissed plaintiff's complaint without prejudice and granted

---

[1] The ESA is an improperly named defendant. It lacks the capacity to sue and be sued and should be dismissed with prejudice. Fed. R. Civ. P. 17(b).

him leave to refile an amended complaint within thirty days of the judgment. *Id.* Plaintiff never filed an amended complaint.

Instead, on April 13, 2016, plaintiff filed the present complaint. The present complaint is identical to the previous complaint; the only difference is that the original complaint contained an express mail tracking number on the last page—a marking absent from the current complaint. Accordingly, defendants have moved to dismiss plaintiff's complaint on the grounds that, as with the first complaint, the current complaint fails to present facts to support a cognizable legal claim. In the alternative, defendants argue the Court lacks jurisdiction, as plaintiff cannot show the United States unequivocally waived sovereign immunity to be sued for monetary damages under the ESA.

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Court finds plaintiff's complaint fails to sufficiently articulate facts supporting a claim for relief. Although the federal pleadings standards are flexible, and especially so with respect to pro se pleadings, a complaint must still give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Here, however, plaintiff's complaint is forty-four pages "of rambling narrative," *Harnden v. California*, No. 1:07-cv-01319-AWI-GSA-PC, 2008 WL 880788, at *2 (E.D. Cal. Mar. 31, 2008), which fails to identify, with any kind of particularity, how it is that defendants violated the ESA. As this Court stated upon addressing plaintiff's prior, identical complaint, it "cannot discern what factual and legal claims are being alleged against each of the named defendants." *Tracy I*, No. 1:14-cv-1814 at 3. Accordingly, plaintiff's

complaint does not meet the pleading standards requiring a short plain statement of the claim for relief; it should therefore be dismissed.[2]

Finally, as stated, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623. Here, as in *Tracy I*, the complaint is so indecipherable that the Court cannot say whether the deficiencies in the complaint could be cured by amendment. Nevertheless, the Court believes plaintiff's complaint should be dismissed with prejudice. A pro se plaintiff, like any other litigant, is required to obey court orders, "including an order to amend his pleading." *Gonzalez v. Cate*, No. 2:11-cv-3196 GEB EFB P., 2012 WL 3205359, at *2 (E.D. Cal. Aug. 2, 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)). The failure to do so may justify dismissal with prejudice. *Ferdik*, 963 F.2d at 1260-61. As discussed, the Court previously provided plaintiff with notice of the deficiencies in his complaint and provided plaintiff thirty days in which to amend his complaint to bring it into compliance with federal pleading standards. Instead of complying with this order, plaintiff filed a new case, a year later, using the same, deficient complaint. Given plaintiff's decision to wholly disregard this prior opportunity to amend, the Court believes his complaint should be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, defendants' motion to dismiss (#10) should be GRANTED and plaintiff's complaint should be dismissed with prejudice. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days

---

[2]Because the Court finds that plaintiff's complaint fails to clearly articulate legal claims against the named defendants, it declines to address defendants' alternative argument that the Court lacks jurisdiction because plaintiff cannot show the United States unequivocally waived sovereign immunity to be sued for monetary damages under the ESA.

after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is so ORDERED and DATED this 24 day of April, 2017.

MARK D. CLARKE
United States Magistrate Judge